UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUIS FERNANDO LOPEZ,<br>　　*Plaintiff*,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, AND<br>LOWE'S OF TEXAS, INC.<br>　　*Defendants*. | §<br>§<br>§<br>§    Cause No. 5:25-cv-00788<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants, Lowes Home Centers, LLC ("LHC"), and Lowe's of Texas, Inc. ("LOT") (together with LHC, "Defendants"), an improperly named defendant, in the above-entitled and numbered cause, by counsel, hereby removes this action from the 408th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to § 1332, 1441(b), and 1446 of Title 28 of the United States Code.

### I.    NATURE OF REMOVED ACTION

1.　　Plaintiff, Luis Fernandeo Lopez, commenced this action on or about May 20, 2025, by filing his Original Petition in the 408th Judicial District Court, Bexar County, Texas, case number 2025CI11375. Defendant LHC was served with the Petition on or about June 6, 2025. *See* Exhibit A-1, pp. 1-2. Defendant LOT was served with the Petition on or about June 9, 2025. *See* Exhibit A-2.

2.　　Plaintiff alleges that on or about June 14, 2023, Plaintiff was shopping at a Lowe's store (Store # 1645) located at 1470 Austin Highway, San Antonio, Texas 78209. While shopping,

1

Plaintiff alleges that he tripped and fell on unspooled electrical wire, causing personal injury. *See* Exhibit A-1, ¶9.

3. Plaintiff asserts a premises liability claim against Defendants.

4. Pursuant to 28 U.S.C. § 1446(a), all papers and matter filed in state court are attached hereto as **Exhibit A**, more specifically, as follows:

Exhibit A-1:   Plaintiff's Original Petition with Citation to Lowe's Home Centers, LLC.

Exhibit A-2:   Affidavit of Service for Lowe's of Texas, Inc.

Exhibit A-3:   Defendants' Original Answer.

## II.   TIMELINESS OF REMOVAL

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the same was filed within thirty (30) days after defendant LOT received the initial pleading setting forth the claim for relief upon which the proceeding is based against Defendants, and all defendants who have been properly joined and served join herein. *See* Exhibit A-2. Further, this Notice of Removal is filed within one year of the commencement of this action.

6. A notice of Filing of Notice of Removal will be filed promptly with the Clerk of the 408th Judicial District Court, Bexar County, Texas.

7. A copy of the Notice of Filing of Notice of Removal will also be served upon counsel for the Plaintiff, together with a copy of this Notice of Removal, contemporaneously with filing the same with the Clerk of the 408th Judicial District Court, Bexar County, Texas.

## III.   PROPRIETY OF VENUE

8. Venue is proper in this District and Division under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District and Division.

## IV. BASIS OF REMOVAL

9. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties. For purposes of diversity jurisdiction analysis, and as described below, Plaintiff is a citizen of Texas and LHC is a citizen of North Carolina. Defendant Lowe's of Texas, Inc., merged into what is now LHC in 1989. There is complete diversity.

10. Plaintiff is an individual who is a citizen and resident of Texas. *See* Exhibit A-1, ¶1.

11. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019). A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Tewari De-OX Sys. Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, F.3d 481, 483 (5th Cir. 2014). A corporation's principal place of business depends on a determination of the corporation's nerve center. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This is typically the corporation's headquarters. *Id.*

12. Lowe's Companies, Inc., is a corporation that is incorporated and headquartered in North Carolina; thus, it is a citizen of North Carolina. Lowe's Home Centers, LLC, is and was at the time of filing a limited liability company whose sole member is Lowe's Companies, Inc. Because its sole member is a citizen of North Carolina, Lowe's Home Centers, LLC, is also a citizen of North Carolina.

13. Lowe's of Texas, Inc., merged into what is now Lowe's Home Centers, LLC, in 1989, prior to Plaintiff filing suit. *See* Exhibit B-1, Article of Merger of Lowe's of Texas, Inc. into Lowe's Investment Corporation, N.C. SEC. OF STATE, Doc. #447244, Jan. 30, 1989); Exhibit B-2,

Articles of Amendment to the Charter of Lowe's Investment Corporation, N.C. SEC. OF STATE, Doc. #458870, Jul. 13, 1989) (name change from Lowe's Investment Corporation to Lowe's Home Centers, Inc.); Exhibit B-3, Articles of Organization Including Articles of Conversion, N.C. SEC. OF STATE, Doc. #0087619, (Oct. 30, 2023) (converting Lowe's Home Centers, Inc., to Lowe's Home Centers, LLC). Accordingly, LOT is no longer an independent legal entity. The surviving entity is Defendant Lowe's Home Centers, LLC, which is a citizen of North Carolina. *See Herrera v. Lowe's Home Ctrs.*, No. 5:20-CV-2, 2020 WL 10893178, at *7-9 (S.D. Tex. Aug. 26, 2020) (discussing history of Lowe's entities in Texas and how fictitious entities do not deprive court of jurisdiction).

14. Because the Plaintiff does not share citizenship of the same state as Defendants, complete diversity is satisfied.

15. Additionally, all Defendants join in this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(A). *See* 28 U.S.C. § 1446(b)(2)(A).

### V.     AMOUNT IN CONTROVERSY

16. In his Petition, Plaintiff states he seeks "monetary damages of more than $250,000 but not more than $1,000,000.00." Exhibit A-1, ¶8. Because Plaintiff's monetary claim is for more than $75,000, exclusive of interest and costs, the amount in controversy is sufficient to establish the diversity jurisdiction of this Court. *See* 28 U.S.C. § 1446(c)(2)(A); 28 U.S.C. § 1332(a).

17. This Court has original jurisdiction of this civil action because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court.

18. Plaintiff demanded a trial by jury in the state court suit. *See* Exhibit A-1, ¶15.

## **PRAYER**

WHEREFORE, Defendants, Lowes Home Centers, LLC, and Lowe's of Texas, Inc., submit that this matter is properly removed from the 408th Judicial District Court, Bexar County, Texas to this Court.

        Respectfully submitted,

        STEPTOE & JOHNSON PLLC

By: */s/ Alyssa Isenberg*
    Alyssa Isenberg
    State Bar No.: 24135211
    alyssa.isenberg@steptoe-johnson.com
    711 Broadway, Suite 220
    San Antonio, Texas 78215
    Telephone:  210-953-0592
    Facsimile:  210-905-4256

    *and*

    John Meadows
    State Bar No. 13885500
    john.meadows@steptoe-johnson.com
    1780 Hughes Landing Boulevard, Suite 750
    The Woodlands, Texas 77380
    Telephone:  281-203-5700
    Facsimile:  281-203-5701
    ***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 9th day of July 2025.

  Raul B. Rodriguez
  raul@rodriguezlawtx.com
  Matthew K. Powell
  Matthew.powell@rodriguezlawtx.com
  Daniel H. Kellum III
  daniel.kellum@rodriguezlawtx.com
  Victoria R. Santos
  victoria.santos@rodriguezlawtx.com
  RAUL B. RODRIGUEZ LAW, P.C.
  918 S. Alamo St.
  San Antonio, Texas 78205
  ***Attorneys for Plaintiff***

               */s/ Alyssa Isenberg*
               Alyssa Isenberg